UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GERMINE BRADLEY, | CASE NO. 1:10 CV 732 06cr488 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

This matter comes before the Court upon Germine Bradley's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF #1.)

I.

On March 30, 2007, pursuant to a plea agreement, Germine Bradley ("Petitioner") entered a plea of guilty to Count I of the Indictment, which charged him with "Distribution of Cocaine Base (crack), in violation of Title 21, Sections 841(a)(1) and (b)(1)(B)" and Count II, which charged him with "Possession with Intent to Distribute Cocaine Base (crack), in violation of Title 21, Sections 841 (a)(1) and (b)(1)(B)"[1] (ECF #45 at ¶ 2.) Accordingly, on April 17, 2008, the district court sentenced Petitioner to a 120-month period of incarceration followed by an eight-year period of supervised release.

On April 25, 2008, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit. On August 27, 2009, the Sixth Circuit granted Respondent's Motion to Dismiss the Appeal, explaining that the appeal was barred by the appellate-review waiver in the plea agreement. The Sixth Circuit reached this conclusion based upon Petitioner's

---

[1] Refer to criminal docket 1:06 CR 488 for all prior docket proceedings.

failure to respond to the Motion to Dismiss, and his failure to assert that his plea and waiver of his appellate rights were not knowing and voluntary.

On April 8, 2010, Petitioner filed the Motion to Vacate, Set Aside or Correct Sentence under § 2255. On May 31, 2010, Respondent filed a Response to the Motion to Vacate, Set Aside or Correct Sentence under § 2255. Hence, this matter has been briefed fully and is now ripe for consideration.

## II.

Section 2255 of Title 28 of the United States Code provides that a prisoner who is sentenced by a federal court may file a motion in the "court which imposed the sentence to vacate, set aside, or correct the sentence." *Hill v. United States*, 368 U.S. 424, 426 (1962). Thus, a petitioner who seeks to do such must demonstrate that "[(1)] the sentence was imposed in violation of the Constitution or laws of the United States; [(2)] that the court was without jurisdiction to impose such sentence; [(3)] that the sentence was in excess of the maximum authorized by law; [or (4) that the sentence] is otherwise subject to collateral attack." *Id.* However, in order to obtain relief under § 2255, a petitioner who enters a guilty plea "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A court may then grant relief only if a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). Consequently, if the petitioner's § 2255 Motion, in addition to the record, explicitly proves that the he/she is not entitled to relief, then the court need not grant a hearing on said motion. 28 U.S.C. § 2255; *see*

*also Goldsby v. United States*, 152 F. App'x 431, 439 (6th Cir. 2005) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

### III.

Petitioner raises three grounds in his § 2255 Motion to Vacate, Set Aside or Correct Sentence: (1) his 10-year sentence was cruel and unusual, thereby violating the Eighth Amendment, (2) the disparity between cocaine and cocaine base in his sentencing was racially discriminatory against him as an African-American, and (3) Respondent breached the plea agreement by requesting a higher sentence than what was advised under the Sentencing Guidelines. (ECF #1.) The Court finds that the grounds raised lack merit and, as such, the Motion is DENIED.

Petitioner is barred from obtaining the relief requested in his first and second grounds given that the record reflects that he knowingly and voluntarily waived both his right to appeal and his right to collaterally attack his sentencing and conviction as part of his plea agreement. *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004). While there exist two limited exceptions to the waiver in the plea agreement – regarding punishment exceeding the maximum sentencing range as determined by the United States Sentencing Guidelines and punishment in excess of the statutory maximum – Petitioner fails to raise either one in his Motion. Thus, because it has been well established that criminal defendants may be able to waive any right, including constitutional rights, pursuant to a plea agreement, Petitioner is bound to the restrictions knowingly and voluntarily made within it. *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006); *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005).

3

Petitioner's third ground, which relates to Respondent requesting a higher sentence than what was advised under the Sentencing Guidelines, likewise lacks merit. It fails because according to paragraph 3-A of the plea agreement, Petitioner agreed to enter into a mandatory minimum period of imprisonment of 120 months should the Court deem that his prior felony drug conviction invoked a penalty enhancement provision under 21 U.S.C. 841(b). (Crim. Docket #56.) The Court recognized the enhancement, and thus allowed the statutorily required 120-month minimum sentencing to prevail when it is greater than the maximum of the applicable guideline range of 84-105 months under the U.S.S.G. § 5G1.1(b). U.S. SENTENCING GUIDELINES MANUAL, § 5G1.1(b) (2007). Accordingly, Petitioner was appropriately sentenced and convicted in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B).

## IV.

Because Petitioner has failed to demonstrate that he is entitled to relief under § 2255, no evidentiary hearing is required in order to resolve the pending Motion. For the aforementioned reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED. (ECF #1.) Moreover, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order cannot be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 15, 2010