UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:06CR488 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| GERMINE BRADLEY, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |

This matter comes before the Court upon Defendant, Germine Bradley's "Motion to Reduce Sentence" pursuant to 18 U.S.C. § 3852(c)(2) for modification based on Amendment 782 and U.S.S.G. § 1B1.10. (ECF #70). On April 17, 2008, Defendant pled guilty to the charges set forth in the indictment filed in this case: specifically, distribution of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 851 (Count One); and possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 851 (Count Two). Based on the Presentence Report and the Sentencing Guidelines, this Court determined that Defendant was subject to a total adjusted offense level of 23 and a Criminal History Category of V. This Court then imposed a statutory mandatory minimum sentence of 120 months imprisonment in accordance with U.S.S.G. § 5G1.1.

In the case of a criminal defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court may reduce the term of imprisonment upon motion of the defendant. § 3582(c)(2). U.S.S.G. Section 1B1.10 defines the circumstances under which sentences based on Amendment 782 (among others), for drug convictions governed by section 2D1.1, may be retroactively reduced in accordance with the

statute. Section 1B1.10 requires that any reduction in sentencing be consistent with applicable policy statements issued by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010). A reduction in defendant's term of imprisonment is inconsistent with policy under 1B1.10(a)(2)(B), and therefore unauthorized, when an amendment does not have the effect of lowering the defendant's applicable guideline range.

Although Amendments 782 and 788 retroactively altered the Guideline levels for drug offenses sentenced under section 2D1.1, they did not change the statutory mandatory minimum of 120 months to which Defendant was subject to under section 5G1.1. This fact is supported by the express language of section 1B1.10(b)(2), which forbids a court from reducing a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range. Furthermore, the Sixth Circuit has consistently made clear that Amendment 782 and 788 do not permit a reduction of sentence under circumstances where a defendant remains subject to a statutory mandatory minimum. *See, e.g., United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010); *United States v. McPherson*, 629 F.3d 609 (6th. Cir. 2011). A reduction in Defendant's sentence would, therefore, be inconsistent with policy under 1B1.10(a)(2)(B) because it would have the effect of lowering the Defendant's applicable guideline range below the statutory mandatory minimum term of 120 months. For the foregoing reasons, Defendant's Motion, (ECF #70), is hereby, DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 8, 2015